IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN JACKSON,

      Petitioner,                         No. CIV S-06-1116 LKK DAD P

    vs.

ROBERT A. HOREL, et al.,

      Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner incarcerated at California State Prison-Solano, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1986, petitioner was convicted in the Los Angels County Superior Court of kidnap for robbery, robbery and grand theft. He was sentenced to an indeterminate term of seven years to life imprisonment with the possibility of parole. In this action, petitioner challenges the 2001 decision of the former Board of Prison Terms (BPT) denying him parole. Before the court is respondents' motion to dismiss the petition as barred by the applicable one-year statute of limitations. Petitioner has not filed an opposition to the motion.

STATUTORY PROVISIONS

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 101 of the AEDPA amended 28 U.S.C. § 2244 by adding the following:

>   (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

## PROCEDURAL HISTORY

The record reflects the following chronology. Petitioner had parole hearings on October 18, 1996 and March 16, 2000. (MTD, Ex. A at 14 and 17.) Parole was denied on both occasions. On September 27, 2001, petitioner had another parole hearing which was conducted at California State Prison-Solano. At the conclusion of that hearing the BPT decided that petitioner was not suitable for release and denied parole for two years. (Pet., Attach. Ex. A (Transcript of Sept. 27, 2001 BPT hearing and decision) at 71.) According to its terms, this BPT decision became final on October 17, 2001. (Id.) It is this decision denying parole which petitioner challenges in this habeas action. (See Pet. at 5.)

Petitioner filed his federal habeas petition challenging the 2001 decision denying him parole on May 23, 2006. Between 2000 and 2005 petitioner filed a number of habeas actions in state courts challenging parole proceedings related to him.[1] The problem is, none of those state habeas petitions challenged the BPT's decision denying petitioner parole which became final on October 17, 2001 and which is the subject of the federal habeas petition pending before this court.

## ANALYSIS

In moving to dismiss respondents argue that petitioner's federal petition is untimely because, at the very latest, statutory tolling for the filing of this petition ended on July 16, 2003 when the California Supreme Court denied petitioner's first habeas petition. (MTD at 6.) Respondents point out that petitioner did not file this federal petition until almost three years after that time, rendering the application time-barred. (MTD at 6.) The court agrees that this

/////

---

[1] On October 11, 2000, petitioner filed an administrative appeal challenging his March 16, 2000 parole consideration hearing which was denied. (MTD, Ex. A, Attach. BPT Office of Policy and Appeals, Decision on Appeal, dated Oct. 11, 2000.) On October 16, 2001, petitioner filed a habeas petition with the Solano County Superior Court also challenging his March 16, 2000 parole hearing. On June 21, 2002, the habeas petition was denied . (Id., Ex. B.) On August 27, 2002, petitioner filed a habeas petition with the California Court of Appeal for the Third Appellate District arguing that he had received ineffective assistance of counsel during the Solano County Superior Court proceedings on his habeas petition challenging the March 16, 2000 parole hearing. (Id., Ex. C.) On August 29, 2002, the petition was summarily denied. On December 18, 2002, petitioner filed a habeas petition with the California Supreme Court advancing the same argument. The California Supreme Court summarily denied the petition on July 16, 2003. (Id., Ex. D.) On September 14, 2005, petitioner filed a habeas petition with the California Supreme Court challenging the denial of parole at a April 7, 2005 parole hearing. (Id., Ex. E; Pet. at 10.) On March 22, 2006, the California Supreme Court denied that petition with citations to In re Miller, 17 Cal. 2d 734 (1941) and In re Dannenberg, 34 Cal. 4th 1061, 1084 (2005). (MTD, Ex. E at 1.) On July 12, 2005, petitioner filed another habeas petition with the California Supreme Court challenging his April 7, 2005 parole hearing. (Id., Ex. F, Pet. at 3.) On March 22, 2006, the California Supreme Court denied the petition with citations to In re Dannenberg, 34 Cal. 4th 1061 (2005); In re Rosenkrantz, 29 Cal. 4th 616, 685 (2002); People v. Duvall, 9 Cal. 4th 464, 474 (1995); and People v. Crittenden, 9 Cal. 4th 83, 120 n.3 (1994). (Id., Ex. F, Cal. Supreme Court decision at 1.) None of these state habeas petitions challenged the denial of parole resulting from the September 27, 2001 parole hearing that is the subject of the petition in this action.

1  action should be dismissed as untimely filed.  The court, however, is not entirely persuaded by
2  respondents' analysis.

3         The undersigned finds that statutory tolling is inapplicable in this case.  As noted
4  above, the habeas petition filed by petitioner with the California Supreme Court on December 18,
5  2002 and denied on July 16, 2003, challenged only petitioner's 2000 parole denial.  That petition
6  presented to the state's highest court did not challenge the 2001 parole decision at issue in this
7  case.  Simply put, because petitioner never challenged his 2001 parole denial in any petition
8  presented in state court he is not entitled to any period of statutory tolling of the statute of
9  limitations with respect to a federal habeas challenge to the 2001 parole denial.

10         Moreover, respondents appears to be asserting conflicting dates for when the
11  statute of limitations began to run with respect to the pending petition.  Respondents first assert,
12  without explanation, that petitioner's claim accrued on January 25, 2002.  (MTD at 3.)  Later,
13  respondents assert that the statute of limitations began to run when the parole decision became
14  final.  (Id. at 3, 5.)  As set forth above, the challenged parole hearing was conducted on
15  September 27, 2001 and the BPT decision by its own terms became final on October 17, 2001.

16         For cases in which the petitioner seeks to challenge a decision denying parole, 28
17  U.S.C. § 2244(d)(1)(D) applies and the one-year statute of limitations begins to run from the date
18  the factual predicate of the claim could have been discovered through the exercise of due
19  diligence.  Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003).  The Ninth Circuit has
20  determined that for habeas cases challenging the denial of parole, the statute of limitations begins
21  to run the day after the administrative appeal was denied.  Id.  Since petitioner did not submit an
22  administrative appeal with respect to the September 27, 2001 BPT decision denying him parole,
23  the court finds that the date the factual predicate for petitioner's claim could have been
24  discovered through the exercise of due diligence was October 17, 2001, the date the BPT
25  decision became final.  See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (applying
26  /////

2244(d)(1)(D) to administrative decisions and concluding that the one-year statute of limitations begins to run the day after petitioner receives notice of the administrative decision).

Therefore, in this case the statute of limitations for filing a federal habeas petition challenging the September 27, 2001, decision denying parole began to run on October 18, 2001 and expired on October 18, 2002. Since petitioner did not file his federal habeas petition until May 23, 2006, this action is clearly untimely.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 18, 2007 motion to dismiss the petition as barred by the statute of limitations be granted; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jack1116.mtd

---

[2] Based on this record it is apparent that petitioner also failed to exhaust his state court remedies prior to filing this action.

5